UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HARVEY MARGARET

PRISONER CASE NO.

v.                                                  3:10-cv-248 (MRK)

BRIAN MURPHY, et al.

**ORDER**

Plaintiff, incarcerated and *pro se*, has filed a complaint under 42 U.S.C. § 1983 (2000). Prisoners are required to exhaust their administrative remedies before commencing an action in federal court and must comply with all procedural rules regarding the grievance process. *See Woodford v. Ngo*, 548 U.S. 81, 83-85 (2006). Completion of the exhaustion process after a federal action has been filed does not satisfy the exhaustion requirement. *See Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001).

Failure to exhaust administrative remedies is an affirmative defense. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). A court may, however, dismiss a complaint for failure to state a claim where the allegations on the face of the complaint establish that it is subject to dismissal, even on the basis of an affirmative defense. While the full extent of the Supreme Court's recent decision in *Bock* has not yet been delineated by the Second Circuit, that court has noted that "[a]lthough section 1915A grants courts the authority to dismiss a complaint with prejudice, nothing in sections 1915 and 1915A alters the '[t]he settled rule . . . that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)).

The timing of the events set forth in the complaint suggests that plaintiff may not have fully exhausted his administrative remedies prior to filing this lawsuit.  If that is true, the complaint must be dismissed.

Plaintiff asserts that on September 30, 2009, he fell at the Connecticut Superior Court for the Judicial District of Waterbury and injured himself.  A state marshal transported him to Waterbury Hospital for treatment.   After a judge sentenced plaintiff, he was transferred to Carl Robinson Correctional Institution ("Carl Robinson").   Medical personnel at Carl Robinson prescribed Motrin for plaintiff's pain.  Plaintiff sought additional treatment and a diagnosis for the pain he experienced in his lower back and thighs.  On December 11, 2009, plaintiff underwent x-rays of his back and legs.

A physician reviewed the x-rays.  Defendant Colleen Gallagher, an employee with the Health and Addiction Services of the Department of Correction, spoke with plaintiff on December 30, 2009, and informed him that the physician had recommended that he undergo an MRI to diagnose the cause of his pain.   On December 31, 2009, a physician examined plaintiff, showed him the x-rays and recommended chiropractic care for the compressed vertebrae in plaintiff's back.

Ms. Gallagher wrote to plaintiff on January 14, 2010 and assured him that his medical complaints would be addressed.  On January 21, 2010, a physician at Willard-Cybulski Correctional Institution ("Willard-Cybulski"), where plaintiff had been transferred, submitted a request to the Utilization Review Committee ("URC") for an MRI of plaintiff's back.  The URC denied the request on January 26, 2010.  On January 29, 2010, a physician indicated in a note in plaintiff's medical records that plaintiff should undergo an MRI upon his release from the

Department of Correction.  Plaintiff has not received Motrin since January 10, 2010.  On February 4, 2010, plaintiff submitted a health grievance to the medical unit at Willard-Cybulski regarding the denial of the MRI and the failure to medical personnel to provide him with Motrin for the pain in this back and legs.  On February 5, 2010, plaintiff sent letters to Ms. Gallagher and defendant Commissioner Brian Murphy.  Plaintiff seeks monetary damages.

The administrative remedies for the Connecticut Department of Correction are set forth in Administrative Directive 9.6, entitled Inmate Administrative Remedies.  Matters relating to the provision of health services to inmates are grievable and are addressed in Administrative Directive 8.9, entitled Health Services Review.  *See* Administrative Directive 9.6, Section 4(K), http://www.ct.gov/doc/LIB/doc/PDF/AD/ad0906.pdf.

Pursuant to Administrative Directive 8.9, an inmate seeking review of a medical decision regarding the diagnosis or treatment or lack of a diagnosis or treatment of a medical condition, must apply for a Health Services Review by filling out an Inmate Administrative Remedy Form, CN 9602.  The inmate must check the box on the form labeled Diagnosis/Treatment and concisely explain the nature of his dissatisfaction with the treatment and/or diagnosis and place the completed form in the Health Services box.  The Health Services Review Coordinator has ten days from the receipt of the administrative remedy form to contact the inmate to determine whether the complaint may be resolved informally.   If the complaint cannot be resolved informally, the Health Services Review Coordinator must schedule a Health Services Review Appointment with a physician as soon as possible.

If, after the appointment with the inmate, the physician determines that the existing diagnosis and/or treatment is appropriate, the inmate shall have exhausted his health services

3

review.   Within ten business days of the appointment, the physician must send the inmate a written decision indicating "No Further Action" in the disposition section of the Inmate Administrative Remedy form.  If the physician determines that a different diagnosis and/or treatment is appropriate, he or she may act on the new diagnosis and/or treatment or refer the case to the URC for authorization to provide new or different treatment.

On February 4, 2010, the plaintiff asserts that he filled out a health grievance to be submitted to the medical department at Willard-Cybulski.  He does not indicate when the grievance form was received by the Health Services Review Coordinator.  Plaintiff signed his complaint on February 12, 2010, eight days after he submitted the grievance to the medical department.  Thus, it is apparent that there was insufficient time for the Health Services Review Coordinator to have completed the evaluation of plaintiff's complaints to determine whether they could be resolved informally or whether plaintiff needed to be scheduled for an examination by a physician.

The Second Circuit has cautioned the district courts not to dismiss a case sua sponte without first ensuring that plaintiff has notice and an opportunity to be heard.  *See Abbas v. Dixon*, 480 F.3d at 639-40; *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (requiring district court to afford prisoner notice and opportunity to demonstrate that he has exhausted his available remedies).  Accordingly, the Court directs the plaintiff to explain to the Court why this case should not be dismissed for failure to fully exhaust his administrative remedies before filing this action.   Any such dismissal would be without prejudice to plaintiff's re-filing this action after fully exhausting his administrative remedies.

Plaintiff shall submit his response within **twenty (20)** days from the date of this order.

4

Plaintiff shall attach to his response copies of the Inmate Administrative Remedy grievance form submitted to the medical department on February 4, 2010 as well as the response to the grievance by the Health Services Review Coordinator and/or physician who may have examined plaintiff. Failure to provide evidence of exhaustion, or evidence of why plaintiff was not required to exhaust his administrative remedies, within the time provided may result in the dismissal of this action without any further notice.

      **SO ORDERED** at Bridgeport, Connecticut this   27th   day of April 2010.


                       /s/ *William I. Garfinkel*
                       William I. Garfinkel
                       United States Magistrate Judge